**<u>NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000263
26-JUN-2024
07:53 AM
Dkt. 69 SO**

NO. CAAP-20-0000263

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BANK OF AMERICA, N.A.,
Plaintiff-Appellee,
v.
GWEN ALEJO-HERRING, AS SUCCESSOR TRUSTEE OF THE
ANTONIA ALVAREZ ALEJO TRUST DATED DECEMBER 4, 1998,
Defendant-Appellant,
and
JOHN AND MARY DOES 1-20, DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES 1-20,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC171001991)


<u>SUMMARY DISPOSITION ORDER</u>
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

This is an appeal from a foreclosure case.

Defendant-Appellant Gwen Alejo-Herring (**Alejo-Herring**) appeals from: (1) the "Findings of Fact, Conclusions of Law and Order Granting [Plaintiff-Appellee Bank of America, N.A. (**BOA**)]'s Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure" (**Foreclosure Decree**);

and (2) "Judgment," both filed and entered on March 6, 2020 by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, Alejo-Herring contends that the Circuit Court erred in granting BOA's "Motion for Summary Judgment and For Interlocutory Decree of Foreclosure" (**MSJ**), because BOA "failed to meet its prima facie burden of establishing its standing through admissible evidence."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the argument advanced and the issues raised, we resolve Alejo-Herring's point of error as follows, and vacate and remand.

On December 5, 2017, BOA filed a foreclosure complaint against Alejo-Herring. On September 4, 2019, BOA filed its MSJ with a declaration by Elizabeth Ruiz (**Ruiz Declaration**), an authorized signer for BOA's loan servicer, Reverse Mortgage Solutions, Inc. (**RMS**), to authenticate the attached adjustable rate note (**Note**) and mortgage (**Mortgage**). Alejo-Herring opposed the MSJ, arguing, inter alia, that BOA "has not produced any admissible evidence establishing its right to enforce the agreement at the time the complaint was filed." The Circuit Court granted the MSJ on December 16, 2019, and on March 6, 2020, the Circuit Court filed the Foreclosure Decree and Judgment. This appeal followed.

Alejo-Herring argues, inter alia, that BOA failed to establish its standing to foreclose by presenting the testimony of a qualified witness who could authenticate the Note and Mortgage under the incorporated records exception to the hearsay rule, set forth in U.S. Bank Trust, N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 489 P.3d 419 (2021), and Deutsche Bank Natʼl Tr. Co. as Tr. for Morgan

---

[1] The Honorable Jeannette H. Castagnetti presided.

Stanley ABS Cap. I Inc. Tr. 2006-NC4 v. Yata, 152 Hawai'i 322, 526 P.3d 299 (2023). Alejo-Herring argues that in the declaration, Ruiz "did not attest[] to being familiar with the record-keeping systems of either [the prior servicer] or BOA, nor did [Ruiz] explain how the aforesaid documents were created in the normal course of [the prior servicer]'s business."

"[W]hen an entity incorporates records prepared by another entity into its own records, they are admissible as business records of the incorporating entity provided that it relies on the records, there are other indicia of reliability, and the requirements of [Hawai'i Rules of Evidence (**HRE**)] Rule 803(b)(6) are otherwise satisfied." Verhagen, 149 Hawai'i at 325, 489 P.3d at 429 (cleaned up).

> Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that [1] the documents were incorporated and kept in the normal course of business, [2] that the incorporating business typically relies upon the accuracy of the contents of the documents, and [3] the circumstances otherwise indicate the trustworthiness of the document [(**Condition No.3**)].

Id. at 325-26, 489 P.3d at 429-30 (first three brackets in original) (citation omitted). "If each of these three conditions is satisfied, an incorporated record is admissible even in the absence of testimony concerning its *actual* creation." Id. at 326, 489 P.3d at 430.

To meet Verhagen Condition No.3, testimony that establishes the trustworthiness of the incorporated records should describe "pre-incorporation vetting" by the current servicer, to ensure that the records of the prior servicer were not "uncritically incorporated" into the current servicer's records. Id. at 326, 489 P.3d at 430. The Verhagen court found the following testimony sufficient to meet Condition No.3: validating records using methods such as engaging in a due

diligence phase; reviewing hard copies; and reviewing payment history and accounting associated with the loan.  Id.  In Yata, however, the supreme court found the submitted testimony insufficient to meet Condition No.3, explaining that such testimony should describe "specific methods of validation of documents from the prior loan servicer" and not "merely assert that [current servicer] has 'quality control and verification procedures' to ensure the accuracy of incorporated records without stating what those procedures are."  152 Hawaiʻi at 335, 526 P.3d at 312 (emphasis added).

Here, the Ruiz Declaration stated:

> 25. Before the Prior Servicer's records were incorporated into RMS' own business records, it conducted an independent check into the Prior Servicer's records and found them in keeping with industry [sic] wide loan servicing standards and only integrated them into RMS's own business records after finding the Prior Servicer's records were made as part of a regularly conducted activity, met industry standards and determined to be trustworthy.
>
> . . . .
>
> 29. RMS did review and determine the Prior Servicer's business records were trustworthy otherwise it would not have incorporated it into its own records.

(Emphases added.)  Unlike Verhagen and similar to Yata, the Ruiz Declaration "merely assert[ed]" that RMS did an independent check and review of the records and found the records to be trustworthy.  See Yata, 152 Hawaiʻi at 335, 526 P.3d at 312.  The Ruiz Declaration did not describe "specific methods of validation" and verification of RMS's or the prior servicer's records.  See id.; Verhagen, 149 Hawaiʻi at 326, 489 P.3d at 430. Thus, the Ruiz Declaration did not satisfy the trustworthiness requirement of Condition No.3, and the Circuit Court erred in admitting the Note and Mortgage into evidence.  See Yata, 152 Hawaiʻi at 335, 526 P.3d at 312 (concluding that the business

records attached to the declarations at issue were inadmissible because the declarations did not meet Condition No.3). We conclude the Circuit Court erred in granting summary judgment in favor of BOA. See U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 30, 398 P.3d 615, 619 (2017) ("An award of summary judgment is reviewed de novo and 'is appropriate where there is no genuine issue as to the material fact and the moving party is entitled to judgment as a matter of law.'" (citation omitted)).

In light of our disposition, we need not reach Alejo-Herring's remaining arguments.

For the foregoing reasons, we vacate and remand the (1) the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure"; and (2) "Judgment," both filed and entered on March 6, 2020 by the Circuit Court of the First Circuit.

DATED: Honolulu, Hawai'i, June 26, 2024.

On the briefs:

Frederick J. Arensmeyer
for Defendant-Appellant.

Samuel A. Keesal, Jr.
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

5